**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
---

WOODROW FLEMMING,

               Plaintiff,

       v.                                       No. 14-CV-316 (DNH/CFH)

MATTHEW J. KING; DAVID BILOW,

               Defendants.
---

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

**APPEARANCES:**                        **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff Pro Se
P.O. Box 146
New York, New York 10039

HON. ERIC T. SCHNEIDERMAN         ORIANA CARRAVETTA, ESQ.
Attorney General for the                  Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224-0341
Attorney for Defendants

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Woodrow Flemming ("Flemming"), formerly an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants King and Bilow: (1) used excessive force on him in violation of the Eighth Amendment; and (2) assaulted him in

---
[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

retaliation for his filing grievances against correction staff, in violation of the First Amendment.[2] See Dkt. No. 1 ("Compl.") at 5. Although no longer incarcerated, Flemming was incarcerated at Upstate Correctional Facility ("Upstate C.F.") at all relevant times.

Presently pending before the Court is defendants' motion to dismiss Flemming's claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. No. 32. Flemming filed a response in opposition to defendants' motion. Dkt. No. 34. For the following reasons, it is recommended that defendants' motion be granted in part, and denied in part.

## II. Background

The facts are reviewed in the light most favorable to Flemming as the non-moving party. See subsection III(A) infra. Because a portion of Flemming's claims were dismissed upon initial review of the complaint, Flemming's allegations are summarized below only to the extent that they are relevant to the pending motion.

### A. Flemming's Recitation of the Facts

Flemming alleges that, on March 24, 2011, defendant King assaulted him, and defendant Bilow pushed him to the ground. Compl. at 5. Both incidents occurred outside the draft room at Upstate C.F. Id. Flemming also alleges that, on this same date, he was

---

[2] Following initial review of the complaint filed in this action, District Judge David N. Hurd dismissed Flemming's Eighth Amendment medical indifference claims against defendants Adams, Smith, and Rock. Dkt. No. 5 at 10. Defendants Adams, Smith, and Rock were also dismissed from this action. Id.

threatened by "officers"[3] and told not to file any more grievances. Id.

### III. Discussion[4]

### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted." When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor." Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted). However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].")); see also Arar v. Ashcroft, 585 F.3d

---

[3] Although not identified in his complaint, Flemming identifies the officers who threatened him as defendants King and Bilow in his opposition papers. See Dkt. No. 34 at 3, ¶ 13.

[4] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

-3-

559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts to state a claim to relief that is plausible . . . .") (internal citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### B.  Special Solicitude

Ordinarily, where a party seeks judgment against a pro se litigant, a court must afford the non-movant special solicitude.  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).  As the Second Circuit stated,

> [t]here are many cases in which we have said that a *pro se* litigant is entitled to special solicitude, that a *pro se* litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments that they suggest. At the same time, our cases have also indicated that we cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations or arguments that the submissions themselves do not suggest that we should not excuse frivolous or vexatious filings by *pro se* litigants, and that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law . . . .

Id. (internal quotation marks, citations, and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally." (internal citations omitted)).  However, "there are circumstances where an overly litigious inmate, who is quite familiar with the legal system and with pleading requirements, may not be afforded [the] special solicitude' or status that is normally afforded *pro se* litigants."  Standley v. Dennison, No. 9:05-CV-1033

(GLS/GHL), 2007 WL 2406909, at *7 (N.D.N.Y. Aug. 21, 2007) (quoting Smith v. Burge, No. 03-CV-0955, 2006 WL 2805242, at *3 & n.3 (N.D.N.Y. Sept. 28, 2005) (Kahn, J., adopting report-recommendation of Lowe, M.J.) (citations omitted)).

This Court has already diminished the special solicitude afforded to Flemming. In a Memorandum-Decision and Order entered July 16, 2015, this Court reviewed Flemming's extensive litigation history within the Second Circuit. See Dkt. 22 at 7-8. At that time, Flemming had filed nearly sixty civil rights in the Second Circuit. Id. at 7. Based on Flemming's lengthy history of filing complaints in the Second Circuit, this Court diminished the special solicitude that would normally be afforded to him as a pro se litigant at the pleading stage of this action.[5] Id. at 9. Thus, the Court will decide defendants' motion to dismiss bearing in mind Flemming's diminished status as a pro se litigant.

### C. Excessive Force

A prisoner plaintiff seeking to demonstrate a claim of excessive force must satisfy both objective and subjective components. The subjective component determines whether the defendants acted "with a sufficiently culpable state of mind." Hudson v. McMillian, 503 U.S. 1, 21 (1992) (citation omitted). This component requires a showing that the defendants "had the necessary level of culpability, showing by actions characterized by 'wantonness'" in light of the particular circumstances surrounding the challenged conduct. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999) (quoting Wilson v. Seiter, 501 U.S.

---

[5] The Court also notes that, in a separate action brought by Flemming on January 12, 2015, District Judge Hurd determined that Flemming is not entitled to the special solicitude normally afforded to a pro se litigant, based on Flemming's history as an "experienced and vexatious pro se plaintiff." Flemming v. Rock, No. 9:15-CV-30, 2016 WL 632248, at *2 (N.D.N.Y. Feb. 16, 2016).

294, 299 (1991)); see, e.g., Sims v. Artuz, 230 F.3d 14, 21 (2d Cir. 2000); Davidson v. Flynn, 32 F.3d 27, 30 n.2 (2d Cir.1994).  The objective component is demonstrated where the alleged conduct is "'sufficiently serious' by objective standards.'"  Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)) (additional citation omitted).  "The objective component of the Eighth Amendment test is also context specific, turning upon 'contemporary standards of decency.'"  Blyden, 186 F.3d at 263 (quoting Hudson, 503 U.S. at 8)) (additional citation omitted).

Here, Flemming claims that he was "assaulted" by defendant King and "push [sic] down by [] Bilow to the ground."  Compl. at 5.  Defendants allege that Flemming's complaint fails to meet the pleading standard articulated in Iqbal.  Dkt. No. 32-1 at 8.  Defendants further argue that, even assuming that the allegations are true, the use of force alleged by Flemming is de minimis.  Id. at 8-9.

As to the objective element of Flemming's excessive force claims, he has failed to allege he suffered an injury.  "The Second Circuit has noted its agreement with other circuits that 'some degree of injury is ordinarily required to state a claim [of excessive force.]'"  Benjamin v. Flores, No.11-CV-4216 (ARR), 2012 WL 5289513, at *3 (E.D.N.Y. Oct. 23, 2012) (quoting United States v. Walsh, 194 F.3d 37, 50 (2d Cir. 1999)).  Although the objective element may be satisfied even if the prisoner does not show a "serious" injury, Flemming's failure to allege any injury at all falls short of satisfying pleading requirements.  See Hudson, 503 U.S. at 7 ("The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it.").  Thus, Flemming has failed to plausibly allege the objective element of his Eighth Amendment claim.  See Benjamin, 2012 WL 5289513, at *3 (finding that the plaintiff failed to meet the objective element of his excessive force

claim where he failed to allege any injury).

As to the subjective element of his excessive force claim, Flemming's allegations against defendants King and Bilow fail to provide the context of the alleged incident. Although the Second Circuit has previously allowed a prisoner's Eighth Amendment excessive force claim to proceed despite that the "claim [was] weak and [the] evidence extremely thin," Griffin, 193 F.3d at 91, Flemming has lost the full benefit of the special solicitude normally afforded to pro se litigants in this Court, due to his lengthy and sometimes abusive litigation history. See Dkt. No. 22. Given that Flemming has failed to plead against King and Bilow both the context by which the alleged force was used or any injuries sustained, he has failed to state a claim upon which relief may be granted. See Iqbal, 556 U.S. at 678 ("A pleading that offers labels and conclusions . . . a formulaic recitation of the elements of a cause of action . . . [or] naked assertions devoid of further factual enhancement" does not suffice.) (internal quotation marks and citations omitted). Flemming has failed to meet the subjective element of the analysis because he does not allege facts to show that either defendant acted "maliciously" or "wantonly" as required to adequately state a claim of excessive force. See Boddie v. Schneider, 105 F.3d 857, 862 (2d Cir. 1997) (dismissing excessive force claim where the plaintiff failed to allege any facts to show that the defendants had "used force maliciously and sadistically to cause harm") (internal quotation marks and citation omitted). Indeed, a complaint does not suffice "where the well-pleaded facts do not permit the court to infer more than a mere possibility of

misconduct[.]"[6] Id. at 679.  Thus, Flemming has failed to plausibly allege the subjective element of his excessive force claim.

Accordingly, it is recommended that defendants' motion on this ground be granted.

### D.  First Amendment Retaliation

Courts are to "approach [First Amendment] retaliation claims by prisoners 'with skepticism and particular care[.]'"  See, e.g., Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003) (quoting Dawes v. Walker, 239 F.3d 489, 491 (2d Cir. 2001), overruled on other grounds by Swierkiewicz v. Sorema, N. A., 534 U.S. 506 (2002)).  A retaliation claim under section 1983 may not be conclusory and must have some basis in specific facts that are not inherently implausible on their face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); South Cherry St., LLC v. Hennessee Group LLC, 573 F.3d 98, 110 (2d Cir. 2009).  "To prove a First Amendment retaliation claim under Section 1983, a prisoner must show that '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action.'"  Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009) (quoting Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004), overruled on other grounds by Swierkiewicz, 534 U.S. 506 (2002)).  If the plaintiff meets this burden, the defendants must

---

[6] The Court further notes that District Judge Hurd dismissed Flemming's excessive force claims in Flemming v. Rock, 2016 WL 632248, at *3, and noted that the dismissed claims were nearly identical to excessive force claims asserted by Flemming in a prior action—Flemming v. Santamore, No. 9:15-CV-29 (DNH/CFH).  Judge Hurd further noted that those claims were nearly identical to the excessive force claims asserted in two other complaints filed by Flemming in the Northern District of New York.  Flemming v. Rock, 2016 WL 632248, at *2 n.4.  Upon review of the complaint in Flemming v. Rock, the Court notes that Flemming's excessive force claims—which were dismissed for failure to state a claim upon which relief may be granted—are very similar to the excessive claims asserted in this case, albeit against different defendants.  See Flemming v. Rock, No. 9:15-CV-30, Dkt. No. 1.

show, by a preponderance of the evidence, that they would have taken the adverse action against the plaintiff "even in the absence of the protected conduct." Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977). "Types of circumstantial evidence that can show a causal connection between the protected conduct and the alleged retaliation include temporal proximity, prior good discipline, finding of not guilty at the disciplinary hearing, and statements by defendants as to their motives." See Barclay v. New York, 477 F. Supp. 2d 546, 558 (N.D.N.Y. 2007). In order to prove an adverse action, a plaintiff must show that the defendant's "'retaliatory conduct . . . would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . . Otherwise, the retaliatory act is simply de minimis, and therefore outside the ambit of constitutional protection.'" Roseboro v. Gillespie, 791 F. Supp. 2d 353, 366 (S.D.N.Y. 2011) (quoting Dawes, 239 F.3d at 292-93).

Here, Flemming alleges in his second cause of action that he was threatened by defendants King and Bilow. Compl. at 5. He also states that he told King and Bilow that he would file a lawsuit against them. Id. He then states, in a separate cause of action, that King and Bilow assaulted him. Id.

To satisfy the first element of a retaliation claim, Flemming must show that he engaged in a protected activity. Flemming states that he threatened to file a lawsuit against defendants King and Bilow. Compl. at 5. Courts in this Circuit have routinely found that a prisoner's threat of filing a grievance or lawsuit constitutes protected activity. See Gibson v. Fischer, No. 9:10-cv-0968 (LEK/TWD), 2014 WL 7178346, at *15 (N.D.N.Y. Dec. 15, 2014) (denying summary judgment as to retaliation claim where the plaintiff threatened to file a grievance); Sprau v. Coughlin, 997 F. Supp. 390, 393 (W.D.N.Y. 1998) (finding a prisoner's

threat to file a complaint sufficient to establish protected activity); but see Henry v. Dinelle, No. 9:10-CV-0456 (GTS/DEP), 2011 WL 5975027, at *7 (N.D.N.Y. Nov. 29, 2011) (finding that a prisoner's statement implying that he would be consulting an attorney about whether to file a grievance was not protected activity).

As to the second prong, although Flemming states that he was assaulted by defendant King, and pushed down by defendant Bilow, the Court has stated above in section III.C, supra, that Flemming has failed to state an excessive force claim against defendants Kind and Bilow. However, for the purposes of First Amendment retaliation analysis, the Court notes that a physical assault constitutes adverse action. See Baskerville v. Blot, 224 F. Supp. 2d 723, 731-32 (S.D.N.Y. 2002) (finding that a retaliatory assault constitutes adverse action). Indeed, the alleged assault need not rise to the level of an Eighth Amendment excessive force violation in order to be considered an adverse action for purposes of First Amendment retaliation analysis. The alleged adverse action need only be "'*capable* of deterring a person of ordinary firmness' from exercising the constitutional right in question." Nelson v. McGrain, No. 6:12-CV-6292(MAT), 2015 WL 7571911, at *2 (W.D.N.Y. Nov. 24, 2015) (quoting Hill v. Lappin, 630 F.3d 468, 472 (6th Cir. 2010)) (emphasis in original) (citation omitted). Thus, at this stage of the pleadings, Flemming has satisfied the second prong. See id. (concluding that retaliatory acts were more than de minimis acts of harassment).[7]

---

[7] Defendants assert in their Memorandum of Law in support of their motion that the adverse action prong of Flemming's retaliation claim consists only of a claim that officers threatened him to cease his filing grievances. Dkt. No. 32-1 at 6-7. They base this argument on Flemming's use of the form civil rights complaint, stating that because he alleges threats in the section labeled "second cause of action" and a physical assault in the section labeled "third cause of action," he has failed to satisfy the second prong of First Amendment retaliation analysis. Id. at 7. The Court rejects this argument. Upon initial review, District Judge Hurd interpreted Flemming's complaint as stating that Flemming was assaulted for threatening to initiate a

Lastly, as to the third prong, plaintiff states that on March 24, 2011, he was threatened by King and Bilow to not file any more grievances. Compl. at 5. He then states that he threatened to file a lawsuit against defendants King and Bilow. Id. That same day, he was allegedly assaulted by King, and pushed down by Bilow. Id. Claims of retaliation "must be 'supported by specific and detailed factual allegations,' not stated in wholly conclusory terms.'" Friedl v. City of New York, 210 F.3d 79, 86 (2d Cir. 2000) (quoting Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983)). The only circumstantial evidence supporting the finding of a causal connection is Flemming's assertions that the alleged assaults committed by both defendants happened on the same day that he threatened to file a lawsuit against those same defendants. See Compl. at 5. However, this temporal proximity, coupled with the common identity between the officers who Flemming verbalized his threat to, and the officers who allegedly assaulted him, are sufficient to establish the third prong of Flemming's First Amendment retaliation claim. See Vogelfang v. Capra, 889 F. Supp. 2d 489, 518 (S.D.N.Y. 2012) (denying motion to dismiss retaliation claim where the plaintiff alleged temporal proximity, coupled with a common identity between the subject of the plaintiff's grievance and the officer who issued a false misbehavior report).

Although Flemming's pleadings lack specificity, the Court finds that at this stage in the proceedings, he has alleged sufficient facts to state a plausible claim. While this Court diminished the special solicitude afforded to Flemming at the pleading stage of the proceedings, it did not completely abolish the leniency with which his pleadings are to be construed. See Sealed Plaintiff, 537 F.3d at 191. Thus, the Court finds that Flemming has

---

lawsuit. Dkt. No. 3 at 5-6. The undersigned will do the same.

stated a plausible First Amendment retaliation claim to overcome defendants' motion.

Accordingly, it is recommended that defendants' motion on this ground be denied.

## IV. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants Matthew J. King and David Bilow's motion for dismissal under Rule 12(b)(6) (Dkt. No. 32) of plaintiff Woodrow Flemming's complaint (Dkt. No. 1) be

1. **GRANTED** as to the Eighth Amendment excessive force claims against defendants King and Bilow.

2. **DENIED** as to the First Amendment retaliation claims against defendants King and Bilow; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

DATED: June 20, 2016
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge